UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JERRY GIBSON, | : | |
| Plaintiff | : | CIVIL ACTION NO. |
| v. | : | 3:05-CV-1396 (JCH) |
| | : | |
| STATE OF CONNECTICUT, | : | |
| JUDICIAL DEPARTMENT, COURT | : | |
| SUPPORT SERVICES DIVISION | : | |
| Defendant | : | MAY 23, 2006 |

**RULING ON DEFENDANT'S MOTION TO DISMISS [Doc. No. 12]**

**I.     INTRODUCTION**

The plaintiff, Jerry Gibson ("Gibson"), brings the present action against his former employer, the Court Support Services Division of the Judicial Department of the State of Connecticut ("Judicial Department").  Gibson has named no individual defendants.  He brings three claims.  Count I alleges that the defendant "violated the plaintiff's rights to be free from deprivation of liberty without due process of law; his Fourteenth Amendment right to due process of law, as well as [ ] his right to be afforded equal protection and benefit of law, all in violation of 42 U.S.C. Section 2000e, et seq," or Title VII.  Compl. at Count I, ¶ 22.  Count II alleges a violation of 42 U.S.C. § 1981.  Count III alleges state common law liability for intentional infliction of emotional distress.

The Judicial Department moves to dismiss Gibson's action in its entirety pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

**II.     STANDARD OF REVIEW**

In deciding a motion to dismiss, the court takes the allegations of the Complaint as true, and construes them in a manner favorable to the pleader.  Hoover v. Ronwin,

1

466 U.S. 558, 587 (1984); see Grandon v. Merrill Lynch & Co., 147 F.3d 184, 188 (2d Cir. 1998); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overrruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984).  Where the existence of subject matter jurisdiction turns on a factual issue, however, the court is permitted to look beyond the complaint itself and may consider evidence outside the pleadings.  See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 108 (2d Cir. 1997). In ruling on a motion to dismiss, the court must draw all reasonable inferences in the plaintiff's favor.  See, e.g., Yung v. Lee, 432 F.3d 132, 146 (2d Cir. 2005) (discussing Rule 12(b)(6) motion to dismiss); Lunney v. United States,  319 F.3d 550, 554 (2d Cir. 2003) (internal citations omitted) (discussing Rule 12(b)(1) motion to dismiss).

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." Marakova v. United States, 201 F.3d 110, 113 (2d Cir. 2000).  A plaintiff generally has the burden of proving by a preponderance of the evidence that jurisdiction exists. Id.

A motion to dismiss for failure to state a claim, pursuant to Rule 12(b)(6), tests only the adequacy of the complaint.  United States v. City of New York, 359 F.3d 83, 87 (2d Cir. 2004).  A Rule 12(b)(6) motion can be granted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  A Rule 12(b)(6) motion to dismiss cannot be granted simply because recovery appears remote or unlikely on the face of a complaint.  Bernheim v. Litt, 79 F.3d 318, 321 (2d Cir. 1996).  "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer

evidence to support the claims." Id. (quotation omitted).  However, "bald assertions and conclusions of law will not suffice" to meet this pleading standard.  Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir.1996).

### III.  DISCUSSION

#### A.  Eleventh Amendment Sovereign Immunity

The Eleventh Amendment provides immunity for states against suits in federal court.  Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 106 (1984).  A claim against a state agency or state officer in her official capacity is considered a claim against the state, and implicates the Eleventh Amendment because the state is the "real, substantial party in interest."  Pennhurst, 465 U.S. at 101; Huang v. Johnson, 251 F.3d 65, 69-70 (2d Cir. 2001); Santiago v. New York State Dep't of Corr. Servs., 945 F.2d 25, 28 n.1 (2d Cir. 1991).  The Eleventh Amendment, accordingly, bars claims against the state, state agencies, and state officers in their official capacity; the only exception is if the plaintiff seeks prospective injunctive relief from the state officer.  Edelman v. Jordan, 415 U.S. 651, 677 (1974); Huang v. Johnson, 251 F.3d 65, 69-70 (2d Cir. 2001).

According to Eleventh Amendment jurisprudence, a state may be subject to suit in federal court in two ways: (1) Congress can divest a state of immunity through a statutory enactment; or (2) a state may waive its immunity and agree to be sued in federal court.

##### 1.  Section 1981 Claim

Neither section 1981 nor section 1983 abrogate the states' Eleventh

Amendment immunity.[1]  See, e.g., Will v. Michigan Dep't of State Police, 491 U.S. 58, 66-67 & n.7 (1989) (holding that section 1983 does not abrogate Eleventh Amendment immunity, and that this holding is consistent with Monell v. N.Y. City Dep't of Social Svcs., 536 U.S. 658 (1978)); Jones v. National Communication & Surveillance Networks, 409 F.Supp.2d 456, 467 (S.D.N.Y. 2006) (citing Will) ("Sections 1981 to 1986 of Title 42 . . . do not constitute a congressional waiver of state immunity.  Instead, they create causes of action against individuals for violations of civil rights."); Reed v. Connecticut, No. 3:98CV00426 (JBA), 2000 WL 554276 (Apr. 13, 2000) (dismissing section 1983 and section 1981 claims because the state is not a "person" under section 1983); Chadha v. Conn. Med. Examining Bd., No. 3:99 CV00874 (EBB), 1999 WL 1067805 (Oct. 29, 1999) (holding that state agency could not be sued under sections 1981 and 1983 because it was not a "person" under those statutes); Daisernia v. New York, 582 F.Supp. 792, 801-03 (1984) (holding that Congress, by enacting section 1981, did not intend to abrogate sovereign immunity); see also Jett v. Dallas Independent Sch. Dist., 491 U.S. 701, 713-34 (1989) ("An action pursuant to section 1983 is . . . the exclusive . . . means by which a plaintiff may recover damages from a state actor for a violation of section 1981.").  The plaintiff makes no argument, and the court does not find, that the state has consented to suit.  The court grants the motion to dismiss the section 1981 claim asserted in Count II.

---

[1] Therefore, the court also notes that, to the extent that the plaintiff's Complaint may be read to assert due process and equal protection claims against the defendant pursuant to 42 U.S.C. § 1983, those claims would also be barred by the Eleventh Amendment.

### 2. Intentional Infliction of Emotional Distress Claim

With respect to the state common law claim for intentional infliction of emotional distress, Gibson makes no argument that the state has consented to suit, nor that any statute has abrogated the state's Eleventh Amendment immunity. The court finds that this claim is barred by state sovereign immunity and grants the motion to dismiss Count III.

### B. Exhaustion of Administrative Remedies

The Judicial Department argues that Gibson has not adequately pled that he exhausted administrative remedies as required under Title VII. "[A]s a general matter, the failure to exhaust administrative remedies is a precondition to bringing a Title VII claim in federal court, rather than a jurisdictional requirement." Francis v. City of New York, 235 F.3d 763, 768 (2d Cir. 2000) (internal citations omitted); see Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982). Therefore, Rule 12(b)(1), which permits motions to dismiss a claim for lack of subject matter jurisdiction, does not apply, and the court treats the motion to dismiss the Title VII claim as a Rule 12(b)(6) motion. See Darling v. Potter, No. 3:04CV1467 (PCD), 2005 WL 2045951, at *3 (D.Conn. Aug. 25, 2005); cf. Holowecki v. Fed. Express Corp., 440 F.3d 558, 565 (2d Cir. 2006) (holding that "Rule 12(b)(1) does not apply because the ADEA's time limits, which are subject to equitable modification, are not jurisdictional in nature" and considering motion to dismiss under Rule 12(b)(6)). It therefore considers only the sufficiency of the Complaint. See Part II, supra. The court considers the Complaint Gibson submitted to the Connecticut Commission on Human Rights and Opportunities ("CHRO"), Plf.'s

5

Mem. Opp. Def.'s Mot. Dismiss, Ex. C [Doc. No. 14], and the CHRO Release of Jurisdiction letter, id., Ex. D, even though they may not have been attached to the present Complaint, because they are referenced in and integral to the Complaint.  See Wong v. Health First Inc., No. 04Civ.10061(DAB)(AJP), 2005 WL 1676705, at *3 (S.D.N.Y. 2005) (collecting cases in which judges considered such documents on Rule 12(b)(6) motions under similar circumstances).  However, it does not consider the EEOC Right to Sue letter attached to the plaintiff's memorandum in opposition to the motion to dismiss, because the Complaint does not mention that Gibson ever received a Right-to-Sue letter from the EEOC.  The facts alleged in the Complaint, even when viewed in a manner favorable to the plaintiff, do not establish exhaustion.[2]  See Francis, 235 F.3d at 767 (citing Pietras v. Bd. of Fire Comm'rs, 180 F.3d 468 (2d Cir. 1999)) (stating that a notice-of-right-to-sue is a precondition to bringing a Title VII action); Canty v. Wackenhut Corrections Corp., 255 F.Supp.2d 113, 117 (E.D.N.Y. 2003) (dismissing claim without prejudice on Rule 12(c) motion, applying standard identical to Rule 12(b)(6) motion, because the plaintiff had "given no indication that she has obtained or even attempted to procure a right-to-sue letter").  The court grants the motion to dismiss Count I without prejudice.

---

[2] Even if the failure to exhaust is characterized as an affirmative defense, see, e.g., Pollock v. Ridge, 310 F.Supp.2d 519, 525 (W.D.N.Y. 2004); see also, e.g., Simmons v. Heyman, No. 97 CIV. 0434(NRB), 2000 WL 520664, at *2-*3 (S.D.N.Y May 1, 2000) (holding that burden is on defendant to show failure timely to exhaust administrative remedies in summary judgment motion), it may be considered on a Rule 12(b)(6) motion, under the Rule 12(b)(6) standards, because the facts relevant to the defense appear on the face of the Complaint. See McKenna v. Wright, 386 F.3d 432, 436 (2d Cir. 2004).  The facts alleged in the complaint, taken as true, would make it appear that the plaintiff did not receive a right to sue letter from the EEOC.

### IV.     CONCLUSION

For the foregoing reasons, the defendant's motion to dismiss [**Doc. No. 12**] is GRANTED.  The clerk of the court is ordered to close the case.  The plaintiff may reopen the case by filing an amended complaint.  In that amended complaint, the court grants the plaintiff leave to replead the Title VII claim in Count I to allege exhaustion of administrative remedies, if the plaintiff can.  It also grants the plaintiff leave to replead Counts II and III if he can, in good faith and with a basis in fact, allege that any state employee acting in his or her individual capacity is liable pursuant to section 1983 liability for a violation of section 1981 (Count II), or for the tort of intentional infliction of emotional distress (Count III), or both.

**SO ORDERED**.

Dated at Bridgeport, Connecticut this 23rd day of May, 2006.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge